ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| CARLOS ALICEA COLÓN<br><br>Parte Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | KLRA202400179 | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación<br><br><br><br>Sobre: Bonificaciones |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de abril de 2024.

Compareció ante este Tribunal la parte recurrente, Sr. Carlos Alicea Colón (en adelante, "Alicea" o "Recurrente"), mediante un escueto escrito **de tan solo una página** que intituló "*Mandamus*". Allí, expresó que nunca se le había acreditado bonificación alguna por buena conducta, ni por unos cursos que tomó. Sostuvo, además, que tenía buen ajuste institucional y que interesaba participar de varios programas que ofrece la Junta de Libertad bajo Palabra. No obstante lo anterior, el aludido escrito no cuenta con referencia a alguna decisión de la cual se recurre, ni tampoco se aneja algún documento del cual podamos constatar, tan siquiera, si poseemos jurisdicción para ejercer nuestra función revisora.

Por tanto, y a la luz de los fundamentos que expondremos a continuación, se *desestima* el recurso de epígrafe.

### II.

### A.

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo

Número Identificador
SEN2024_____

cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

**B.**

El perfeccionamiento del recurso de revisión judicial está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

El escrito de revisión contendrá:

(A) Cubierta

La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) Epígrafe

El epígrafe del escrito de revisión contendrá el nombre de todas las partes en el orden en que aparecían en el trámite administrativo y se les identificará como "parte recurrente" y "parte recurrida".

[…]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

El Tribunal Supremo de Puerto Rico señaló en <u>Morán v. Martí</u>, 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí, explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error señalado. Así pues, nuestro máximo foro reconoció que *"[s]olamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean"*. <u>Íd</u>., pág. 366 (énfasis en el original). Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". <u>Íd</u>.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, <u>Práctica Jurídica de PR, Derecho Procesal Apelativo</u>, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló

específicamente. Íd. No obstante, esa omisión no es fatal, si el litigante *de facto* alude de otro modo al error contenido y lo discute en su alegato. Íd.

**C.**

La Regla 83 (C), 4 LPRA Ap. XXII-B, del Reglamento del Tribunal de Apelaciones dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Como corolario de lo anterior, las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. M-Care Coumpounding, *et al* v. Dpto. de Salud, 186 DPR 159-176 (2012); Pueblo v. Rivera Toro, 173 DPR 137, 144 (2008). Así pues, el Tribunal Supremo de Puerto Rico reconoció que las disposiciones reglamentarias sobre el perfeccionamiento de los recursos debían aplicarse flexiblemente, **cuando se incumple con un requisito de forma de menor importancia**. Arriaga v. FSE, 145 DPR 122, 130 (1998). De conformidad con lo anterior, advirtió el máximo foro judicial estatal que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Febles v. Romar, 159 DPR 714, 722 (2003). Sobre este particular, la jurisprudencia ha dispuesto que las disposiciones reglamentarias sobre los recursos que se presenten ante los tribunales apelativos deben observarse rigurosamente y su incumplimiento puede dar lugar a la desestimación. Arraiga v. F.S.E., *supra*, pág. 130.

**III.**

A poco que se examine el expediente ante nuestra consideración, es más que evidente que el recurso de **una sola página** presentado por Alicea no es revisable. Nótese que el Recurrente incumplió sustancialmente con los requisitos reglamentarios para el perfeccionamiento del recurso de revisión judicial que nos permita asumir jurisdicción y adjudicarlo en sus méritos. Específicamente, Alicea incumplió

con incluir la determinación de la cual recurre ante este foro apelativo intermedio. Igualmente, incumplió con el Reglamento del Tribunal de Apelaciones al omitir incluir y/o discutir los errores que le imputa al foro administrativo. Además, el Recurrente omitió hacer referencia a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de revisión judicial. Tampoco incluyó una discusión basada en fundamentos de hecho y de derecho cuestionando la decisión de la agencia.

En fin, la ausencia de señalamientos de error y de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de documentos que nos permita identificar si poseemos jurisdicción o la determinación de la cual se recurre, nos privan de jurisdicción para atender el recurso de epígrafe. Es más bien palpable que el recurso presentado adolece de serios defectos, acorde con el Reglamento de este Tribunal que impiden determinar responsablemente nuestra autoridad. Reiteramos, tan siquiera se ha hecho referencia a determinación alguna que nos permita implícitamente entender los fundamentos que se pretenden esgrimir ante nuestra consideración.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente Sentencia, se *desestima* el recurso de epígrafe por craso incumplimiento con las disposiciones conducentes al perfeccionamiento de los recursos contenidas en el Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones